IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSHA C. WILLIAMS, )<br>         Plaintiff       )<br>)<br>v.                       )<br>)<br>DETECTIVE MICHAEL NOLAN, et al., )<br>         Defendants.   ) | C.A. No. 08-98 Erie<br><br>Magistrate Judge Baxter |

## OPINION AND ORDER

United States Magistrate Judge Susan Paradise Baxter.

## I.  INTRODUCTION

### A.  Relevant Procedural History

Plaintiff Rosha C. Williams, a prisoner incarcerated at the State Correctional Institution at Graterford, Pennsylvania, ("SCI-Graterford"), instituted this action on April 9, 2009, under the Civil Rights Act of 1871, 42 U.S.C. § 1983.  Plaintiff has since filed several amendments to his original Complaint, the last having been filed on March 31, 2009, in response to this Court's text Order, dated March 9, 2009, which required Plaintiff to file a comprehensive amendment setting forth all claims and the Defendants against whom such claims are being made. [Document # 89]. This final amended complaint makes clear that it is intended to supersede all prior complaints that have been filed in this case.

Named as Defendants in the most recent amended complaint are Michael Nolan ("Nolan"), a detective with the City of Erie Police Department ("EPD"); Donald Dacus, an officer/detective with the EPD ("Dacus"); Toney Bowers, an officer/detective with the EPD ("Bowers"); Bradley Foulk, former Erie County District Attorney ("Foulk"); and an unnamed Defendant identified as "John/Jane Doe," who is an alleged confidential informant used by the EPD. [Document # 89].[1]  Defendant Foulk subsequently died on August 12, 2009, and his

---

[1] To date, Defendant John/Jane Doe has not been specifically identified by Plaintiff nor has an attorney entered an

successor, John H. Daneri ("Daneri") has since been substituted for Defendant Foulk in this case.

Plaintiff claims that the Defendants committed an illegal search and seizure of his vehicle, and arrested him without probable cause, in violation of his Fourth Amendment rights. In addition, Plaintiff claims that Defendants conspired with one another to violate his constitutional rights. As relief for his claims, Plaintiff seeks monetary damages.

On April 22, 2009, Defendant Foulk (now Daneri) filed a motion to dismiss Plaintiff's amended complaint, arguing that: (i) Plaintiff has failed to state a claim of conspiracy upon which relief may be granted; (ii) Plaintiff's claims are barred by the holding of Heck v. Humphrey, 512 U.S. 477 (1994) and/or the Rooker-Feldman doctrine; and (iii) Defendant Foulk (now Daneri) is entitled to absolute prosecutorial and/or qualified immunity. [Document # 91]. Defendants Nolan, Dacus, and Bowers subsequently filed a motion for summary judgment, essentially raising the same legal arguments as Defendant Daneri.[2] [Document # 98]. Plaintiff has since filed a response to Defendants' motions. [Document # 16].[3] This matter is now ripe for consideration.

### B. Relevant Factual History

On May 13, 2006, Defendant Nolan was informed by a confidential informant (Defendant John/Jane Doe) that Plaintiff was in possession of several baggies of crack cocaine while seated

---

appearance on his/her behalf.

[2]

The motion also purports to be filed on behalf of EPD; however, EPD was not named as a Defendant in Plaintiff's most recent amended complaint and has, thus, been withdrawn from this action. (See Document # 89, Amended Complaint, at ¶ 4). In addition, the motion, as originally filed, did not include Defendant Bowers as a moving party. Nonetheless, counsel for Defendants Nolan and Dacus has since filed a notice of appearance on Defendant Bowers' behalf, pursuant to which Defendant Bowers expressly joins in the pending summary judgment motion. [Document # 127].

[3]

Plaintiff's response is actually directed to Defendant Foulk's motion, only, despite the fact that Plaintiff was provided ample time to respond to the other Defendants' motion for summary judgment. Nonetheless, due to the similarity in legal arguments raised by all Defendants, Plaintiff's response effectively applies to both motions.

2

in his black Ford Expedition in the 300 block of Myrtle Street in Erie, Pennsylvania. (Document # 89, Amended Complaint, at ¶ 13). Defendant Nolan immediately proceeded to the area of West 3rd and Myrtle Streets and saw Plaintiff's vehicle parked there, with Plaintiff in the driver's seat and others in the vehicle with him. (Id. at ¶¶ 14-15). Defendant Nolan then ran a status check on Plaintiff's driver's license and found that it was suspended. (Id. at ¶ 17).

Defendant Nolan kept Plaintiff's vehicle under surveillance for approximately twenty minutes, after which the vehicle pulled away from the parking area. (Id. at ¶¶ 18-19). Defendant Nolan followed the vehicle a few blocks and then activated his emergency patrol lights as Plaintiff was pulling the vehicle into the driveway of his residence at 334 West 2nd Street in Erie, Pennsylvania. (Id. at ¶ 20). Defendant Nolan and other officers then entered Plaintiff's property, removed Plaintiff and his passengers from the vehicle, and pat-searched them, finding money, but no drugs or illegal contraband in Plaintiff's possession. (Id. at ¶ 21). Nevertheless, Plaintiff was arrested and taken to the Erie Police Station, and his vehicle was seized "without a Warrant or/any sufficient Probable Cause." (Id. at ¶¶ 22-23).

A short time later, Defendant Nolan contacted Defendant Bowers, who arrived at the Erie Police Station with his "Canine drug detection dog." (Id. at ¶ 24). Defendant Nolan had the dog sniff the exterior of Plaintiff's vehicle, and a positive indication was given on the driver side door. (Id.). Defendant Nolan indicated that "by shining his flashlight into the vehicle, he could clearly see a plastic baggie wedged between the liner above the driver side visor, and the roof of the vehicle." (Id. at ¶ 25). Plaintiff alleges that this "so-called alleged illegal contraband" was discovered approximately four hours after he was arrested and his vehicle was seized.

### C.     Standards of Review
#### 1.     Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 95 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.
>
> * * *
>
> After *Iqbal*, when presented with a motion to dismiss for failure to state a claim,

> district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief. This plausibility requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, ___ F.3d. ___, ___, 2009 WL 2501662, at * 4-5 (3d Cir. Aug. 18, 2009).

### 2.     **Summary Judgment**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables

a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will effect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### 3.   *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail,

it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**D.     Discussion**

**1.     Fourth Amendment Claim**

Plaintiff claims that "there was no initial warrant or probable cause to arrest him nor to illegal[ly] seize his vehicle from the driveway of his home, an alleged call from an alleged 'confidential informant' stating he saw the Plaintiff with some illegal contraband does not rise to a level of probable cause for an arrest and seizure of person and property without a warrant under the Fourth Amendment of the United States Constitution." (Document # 89, Amended Complaint, at ¶ 27).  Plaintiff alleges further that the fact that his vehicle was "held in the custody of the officers for approximately 4 hours after an illegal arrest" made the "actual search of the vehicle ... suspicious and created a window period for the alleged drugs/crack cocaine to be place[d] there by the Officers [to] shield their unlawful conduct." (Id. at ¶ 28).

Defendants argue that Plaintiff's Fourth Amendment challenge calls into question the constitutionality of his conviction and/or imprisonment, which is not permissible  under Heck v.

Humphrey, 512 U.S. 477 (1994).[4]  In Heck, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."  512 U.S. at 487 (emphasis in the original).

Plaintiff's claim that he was falsely arrested and that his vehicle was seized and searched illegally necessarily implicates the validity of his conviction; yet, Plaintiff has made no showing that the conviction has been reversed, expunged, declared invalid, or called into question in a habeas proceeding.  Therefore, Plaintiff's Fourth Amendment claim against the Defendants must be dismissed.

### 3.     Conspiracy Claim

Plaintiff claims that "the chain of events in this matter was devised by defendant Michael Nolan and conspiratorially carried out in concert with officers Donald Dacus, Toney Bowers, and District Attorney Bradley Foulk to "frame" the Plaintiff with drug charges and to vindictively prosecute him...." (Document # 89, Amended Complaint, at ¶ 29).  As with Plaintiff's Fourth Amendment claim, this claim also necessarily calls into question the constitutionality of his conviction in contravention of the Supreme Court's holding in Heck.  Accordingly, Plaintiff's conspiracy claim must also be dismissed.

---

[4] This argument is set forth, in its entirety, in Defendant Foulk's brief, and is incorporated by reference in the other Defendants' brief. (See Document # 93 at pp. 6-7; Document # 99 at unnumbered p. 6).

### 4. Defendant John/Jane Doe

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[5]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims

---

[5] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

made by inmates that 'fail to state a claim upon which relief could be granted'").

As noted previously, unnamed Defendant "John/Jane Doe" has never been properly identified or served in this case, nor has he/she had an attorney enter an appearance on his or her behalf. This Defendant was named, for the first time, in Plaintiff's Amended Complaint that was filed on March 31, 2009. More than eight months have passed since such time. As a result, unnamed Defendant "John/Jane Doe" will be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as he/she has not been served within 120 days of the date on which he/she was named as a Defendant in this case.

### III.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Foulk (now Daneri) [Document # 91] is GRANTED; the Motion for Summary Judgment filed by Defendants Nolan, Dacus, and Bowers [Document # 98] is GRANTED; and, pursuant to this Court's authority under the PLRA, unnamed Defendant "John/Jane Doe" is dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  December 22, 2009